| | |
|---|---|
| 1 | Name: Arthur Minas, Minas Law PC |
| 2 | Address: 3620 Pacific Coast Hwy Ste 100 |
| 3 | Torrance, CA 90505 |
| 4 | Phone: (310) 955-1360 |
| 5 | Fax: arthur@minaslaw.com |
| 6 | In Pro Per |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RAZIEL ATONATHIU GARCIA SANCHEZ;
ANA BEATRIZ SANCHEZ CALDERON

Plaintiff(s)

v.

KRISTI NOEM;
JOSEPH B. EDLOW;
PAM BONDI;

Defendant(s).

CASE NUMBER:

To be supplied by the Clerk of
The United States District Court

**COMPLAINT**

Arthur Minas, Attorney for Plaintiff, MINAS LAW PC, 3620 Pacific Coast Hwy Ste 100, Torrance, CA 90505, Ph: (310) 955-1360, Email: arthur@minaslaw.com.

**INTRODUCTION**

COME NOW RAZIEL ATONATHIU GARCIA SANCHEZ (hereinafter "Plaintiff GARCIA SANCHEZ" or collectively "Plaintiffs") and ANA BEATRIZ SANCHEZ CALDERON (hereinafter "Plaintiff SANCHEZ CALDERON" or collectively "Plaintiffs"), by and through the undersigned attorney, in the above cause, and state as follows:

1. Plaintiff GARCIA SANCHEZ is a citizen of Mexico and Plaintiff SANCHEZ CALDERON is a citizen of Guatemala. Plaintiff GARCIA SANCHEZ is the victim of qualifying criminal activity in the United States making him eligible for filing Form I-918,

Petition for U Nonimmigrant Status.[1] Plaintiff SANCHEZ CALDERON as his spouse and derivative family member is eligible to apply for U Nonimmigrant Status based on the same.

2. This action is brought as a result of Defendants' failure to make a decision as to Plaintiffs' respective Form I-918, Petition for U Nonimmigrant Status, Form I-918A, Form I-918, Petition for U Nonimmigrant Status, and Form I-765, Applications for Employment Authorization, (collectively "respective Forms"), and specifically a determination as to their eligibility for a bona fide determination (hereinafter "BFD"), or waiting list determination (hereinafter "WLD"), and employment authorization document within a reasonable period of time. Plaintiff GARCIA SANCHEZ filed both his Form I-918, Application for U Nonimmigrant Status and his Form I-765, Application for Employment Authorization concurrently on June 30, 2020. Plaintiff SANCHEZ CALDERON filed both her Form I-918A, Application for U Nonimmigrant Status and her Form I-765, Application for Employment Authorization concurrently on October 7, 2020.

3. Plaintiffs' respective Forms have now been in pending status since June 30, 2020, and October 7, 2020, for a period of over five years and three months (over 63 months or 1932 days) and for over five years (over 60 months or 1833 days), respectively. Plaintiffs are entitled to receive a decision as to a bona fide determination EAD and deferred action from USCIS or be notified that they are eligible for placement on the U visa waiting list.[2]

4. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the respective Forms as most, if not all, USCIS Field Offices are fully operational at this time; as such, COVID-19 related issues do not prohibit an officer's ability to complete the adjudication of the respective Forms and make either a decision as to a BFD EAD and deferred action or eligibility for placement on the WLD track.

5. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 etseq. As such, this action is brought to compel Defendants, and those acting under them, to take action on Plaintiffs' respective Forms.

**PARTIES**

6. Plaintiff GARCIA SANCHEZ is a citizen of Mexico and for purposes of the instant action he is a resident of Los Angeles County, California. He is the applicant of a properly filed Form I-918, Application for U Nonimmigrant Status and he is eligible for a decision as to whether he qualifies for a Bona Fide Determination (hereinafter "BFD") Employment Authorization Document (hereinafter "EAD") and Deferred Action by USCIS or in the alternative, eligibility for placement on the U visa Waiting List. (Receipt #EAC2024750662).

7. Plaintiff SANCHEZ CALDERON is a citizen of Guatemala and for purposes of the instant action, she is a resident of Los Angeles County, California. She is the applicant of a properly filed Form I-918A Application for U Nonimmigrant Status, and she is eligible for a decision as to whether she qualifies for a Bona Fide Determination (hereinafter "BFD") Employment Authorization Document (hereinafter "EAD") and Deferred Action by USCIS or in the alternative, eligibility for placement on the U visa Waiting List. (Receipt #LIN2100750375).

8. Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant NOEM is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

7. Defendant JOSEPH B. EDLOW is the Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

8. Defendant PAM BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against her in her official capacity.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction to hear this complaint, and the claims stated herein by

virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, et seq., because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

12.  Venue is proper in the District Court for the Central District of California pursuant to 28 U.S.C. § 1391(e) in that this is the district in which Plaintiffs reside, and no real property is at issue in the instant case.

## FACTUAL ALLEGATIONS

13.  On June 30, 2020, Plaintiff GARCIA SACHEZ filed Form I-918, Application for U Nonimmigrant Status, based on his being the victim of qualifying criminal activity. He is also the applicant of Form I-765, Application for Employment Authorization. **[EXHIBIT A].**

14.  On October 5, 2020, Plaintiff SANCHEZ CALDERON filed Form I-918A, Application for U Nonimmigrant Status and Form I-765 Application for Employment Authorization, to qualify for the same benefit based on her eligibility as the spouse and derivative family member of Plaintiff GARCIA SANCHEZ. **[EXHIBIT B].**

15.  On July 5, 2022, Plaintiff GARCIA SANCHEZ appeared for his biometrics appointment at a designated USCIS Application Support Center. **[EXHIBIT C].**

On March 29, 2021, Plaintiff SANCHEZ CALDERON received written communication from USCIS informing her that her respective Forms were being transferred to the Vermont Service Center to "speed up the processing" of the respective Forms. **[EXHIBIT D]**.

17.  On July 9, 2021, Plaintiff SANCHEZ CALDERON appeared for her biometrics appointment at a designated USCIS Application Support Center. **[EXHIBIT E].**

18.  Since completing their scheduled biometrics appointments, USCIS has made no further requests for evidence or information.

19.  Plaintiffs have endured significant financial and emotional burdens as a result of the unreasonable period of time that their case has been pending without action by USCIS.

20.  Plaintiffs have not received a decision from USCIS regarding the BFD EAD or

deferred action, or a determination as to their eligibility for placement on the U visa Waiting List, resulting in their respective Forms now pending for a total period of over five years and three months (over 63 months or 1932 days) and for over five years (over 60 months or 1833 days), respectively.

### COUNT I

**VIOLATION OF THE APA – FORM I-918 and Form I-918A (Both Plaintiffs)**

21. All prior paragraphs are re-alleged as if fully stated herein.

22. Plaintiffs have a statutory right to apply for a U Nonimmigrant Visa pursuant to 8 C.F.R. 214.14(b).

23. Defendants have a duty to adjudicate Plaintiffs' respective Form I-918 and Form I-918A within a reasonable period of time under 5 U.S.C. §555(b).

24. The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

25. No other adequate remedy is available to Plaintiffs.

26. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to make a bona fide determination or a determination as to their eligibility for placement on the U visa waiting list.

27. Given the Defendants' lack of a reason for not making a BFD or WLD on Plaintiffs' respective Forms for over five years and three months (over 63 months or 1932 days) and for over five years (over 60 months or 1833 days), respectively. Plaintiffs have been forced to wait for a BFD or WLD for an unreasonably long period of time.

28. Defendants have failed in their statutory duty to provide a decision as to whether Plaintiffs are eligible for a BFD or for placement on the U visa Waiting List within a reasonable period of time.

29. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiffs' respective Forms and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' respective cases.

30. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to provide a decision as to Plaintiffs' respective Forms and their eligibility for a BFD or the WLD, thereby depriving Plaintiffs of the rights to which they are entitled.

31. In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees.

## COUNT II

## VIOLATION OF THE APA– FORM I-765 (Both Plaintiffs)

32. All prior paragraphs are re-alleged as if fully stated herein.

33. On June 14, 2021, USCIS announced a new bona fide determination process through which petitioners of Form I-918, Application for U Nonimmigrant status and their qualifying family members may receive a four-year work authorization and deferred action.

34. Pursuant to INA 214(p)(6), the Secretary of Homeland Security and USCIS have the discretionary authority to issue employment authorization documents to noncitizens with pending, bona fide U-nonimmigrant status petitions.[3] Upon the issuance of a BFD EAD, USCIS may also exercise its discretion in granting deferred action to the noncitizen petitioner for the same validity period as the BFD EAD.

35. Plaintiffs' respective Form I-765 Applications for Employment Authorization, filed concurrently with their respective Form I-918, Petition for U Nonimmigrant Status and Form I-918A, Petition for U Nonimmigrant Status have been pending with USCIS since June 30, 2020, and October 7, 2020, respectively, without any indication as to when USCIS will exercise its statutory authority in issuing a decision as to whether Plaintiffs are eligible for a BFD EAD and deferred action or alternatively issue a WLD.

36. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiffs' respective Forms and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' respective cases.

37. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to provide a decision as to Plaintiffs' respective Forms and their eligibility for a BFD or WLD, thereby depriving Plaintiffs of the rights to which they are entitled.

38. In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiffs' respective Forms.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiffs' respective Forms immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: October 13, 2025

Respectfully submitted,

/s/Arthur Minas

Arthur Minas, Esq., *Counsel for Plaintiffs*

# ADDENDUM

1. Individuals who are victims of certain qualifying criminal activity, have suffered substantial mental or physical abuse and are helpful or are likely to be helpful to law enforcement or government officials in the investigation or prosecution of criminal activity are eligible to apply for a U Nonimmigrant visa.

2. As of June 14, 2021, USCIS was given the discretionary authority to provide employment authorization to certain noncitizens with bona fide pending U visa nonimmigrant petitions in order to address the significant backlog of U-visa cases and the annual cap on U-visas. In order to exercise its discretionary authority, USCIS implemented the bona fide determination process through which certain eligible petitioners can receive a bona fide determination employment authorization document (BFD EAD) and deferred action. The first step in the process is for USCIS to determine whether the pending petition is bona fide (the petitioner has properly filed a complete I-918 Application, an I-918 Supplement B, certification, a personal statement describing the incident involving the qualifying criminal activity, and USCIS has received the petitioner's background and security checks from the petitioner's biometrics), and thereafter grant the petitioner with an employment authorization card. Once the BFD EAD is granted, USCIS may also exercise its discretion in granting deferred action to the petitioner. Deferred action is for the same duration of validity as the BFD EAD (four years). If the petitioner is not granted the BFD EAD, the petition is assessed for eligibility for the Waiting List Placement and thereafter final adjudication.

3. Principal U-visa petitioners with pending petitions will have their BFD EAD issued pursuant to 8 C.F.R. 274a.12(a)(19) and (c)(14), while qualifying family members with pending petitions may receive their BFD EADs pursuant to 8 C.F.R. 274a.12(a)(20) and (c)(14). For individuals who have not previously filed Form I-765, once USCIS grants BFD, and the petitioner is issued a notice of eligibility for the BFD EAD, the petitioner must file Form I-765. Plaintiff filed form I-765 concurrently with her Form I-918, Petition for U Nonimmigrant Status. Alternatively if USCIS make a WLD regarding Plaintiffs'

1  respective Form I-918 and Form I-918A, they will also qualify for employment
2  authorization.
3   4.   Where USCIS has made a grant of the BFD EAD and deferred action, the petitioner is
4  considered to have established a prima facie case for approval of the underlying Petition
5  pursuant to INA 237(d)(1).